For plaintiff: Ralph Rotondo.

For defendant: John F. Collins.

| Rose Berson | |
|---|---|
| vs. | Div. No. 26451. |
| Joseph J. Berson | |

January 12, 1932.

FROST, J. Heard on petitioner's motion to stay operation of interlocutory decree pending hearing in the Supreme Court.

This petition for divorce was filed on November 24, 1931, and is addressed to the Superior Court to be holden on the first Monday of March, A. D. 1932.

The usual motion for allowance, &c., was filed and a hearing was had on December 4, 1931, at which time the amount of the petitioner's allowance was fixed. Her prayer for household furniture was not acted upon at the time as it was deemed desirable that opportunity be given the parties to agree, if possible, on a proper division of the furniture. Subsequently, the petitioner went into the house which she had previously left, stripped it of its furniture and placed the same in storage. Thereupon respondent filed a motion that he be allowed a portion of the household furniture. That motion came before this Court on December 26, 1931, and, as the parties were unable to reach any agreement, the Court ordered the return of the furniture to the home of the parties from which it had been taken, on the ground that petitioner's action in removing the furniture was essentially though not technically in contempt of the justice who heard the first motion for allowance and who made the suggestion that the parties attempt to agree on a division of the household goods, and on the further ground that it was desirable to preserve the original status of the home with its furniture until the Court should decide,

on a hearing of the petition upon its merits, whether the petitioner was entitled to a divorce. It appeared that the action of the petitioner in removing the furniture to a storehouse was taken not upon the advice or with the knowledge of her counsel but solely upon her own initiative.

The petitioner has now filed notice of her intention to prosecute a bill of exceptions to the Supreme Court and asks that the operation of the last decree be stayed.

Assuming that the petitioner has authority for proceeding to the Supreme Court at this time and in the manner adopted, there appears no good reason why the order to which exception is taken should not be carried out and the home of the parties kept intact until the order is passed upon. At the present time the furniture is in storage and of no use to anyone.

The motion is denied.

For petitioner: Isadore S. Horenstein.

For respondent: Walter Adler.